# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MELANIE G., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. CV 18-02828-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Melanie G. ("Plaintiff") appeals from the Social Security Commissioner's final decision denying her application for Supplemental Security Income ("SSI").[1] The Commissioner's decision is reversed and this case is remanded.

## I. BACKGROUND

Plaintiff protectively filed an application for SSI on October 27, 2014, alleging disability beginning January 1, 2016. See Dkt. 20, Administrative Record ("AR") 145-52. After being denied initially, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). See AR 86-123. A

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

hearing was held on July 13, 2017 at which Plaintiff and an impartial vocational expert testified. See AR 36-66. On October 18, 2017, the ALJ issued a written decision finding Plaintiff ineligible for disability benefits. See AR 16-24.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date. See AR 21. The ALJ next found that Plaintiff had the impairments of venous hemangioma/vascular malformation and osteoarthritis of the right hip. See id. However, the ALJ determined that Plaintiff's impairments were not severe because they did not cause more than a slight limitation in her ability to perform basic work-related activities for at least 12 months. See AR 23-24. Consequently, the ALJ concluded that Plaintiff was not disabled. See AR 24.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-7. This action followed. See Dkt. 1.

## II. DISCUSSION

Plaintiff argues that the ALJ erred in determining that her osteoarthritis was non-severe. See Dkt. 27, Joint Stipulation ("JS") 4-9.

At step two, the ALJ must determine whether the claimant has a "severe medically determinable physical or mental impairment" or combination of impairments that lasted or was expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 416.920(a)(ii), 416.909; see also Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 725 (9th Cir. 2011). Severe impairments have more than a minimal effect on an individual's ability to perform basic work activities. See Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005). This inquiry is "a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). A "finding of no disability at step two" may be affirmed where there is a "total

absence of objective evidence of severe medical impairment." Webb, 433 F.3d at 688.

Here, the ALJ determined that Plaintiff's osteoarthritis was not severe because it had not lasted for 12 months and was not supported by objective medical evidence. See AR 23-25. The ALJ noted that although Plaintiff testified to hip problems starting in January 2016, the medical evidence showed that she could ambulate on her own and had a normal range of motion. See AR 23, citing AR 440 (February 2016 visit), 455 (September 2016 visit).[2] The ALJ found that the earliest indication of osteoarthritis was in September 2016 and the first x-ray was performed in November 2016. See AR 23. Consequently, the ALJ wrote that she could not "adjudicate an expectation that the claimant's impairments will last for 12 months from the date of diagnosis or the objective imaging, given that the claimant is planning to undergo hip surgery," which would "eliminate the arthritic joint and potentially alleviate some or all of the alleged symptoms." Id.

At the outset, it is not clear when the ALJ considered Plaintiff's osteoarthritis to initially qualify as a severe impairment, if ever. This issue is complicated by the fact that the ALJ incorrectly identified September 2016 as the first time Plaintiff's osteoarthritis appeared in the medical records. See id. ("The earliest indication of osteoarthritis is in September of 2016."). On July 22, 2016, Plaintiff's treating physician opined that Plaintiff had developed "severe right anterior groin pain" likely caused by osteoarthritis, noted that Plaintiff's other doctor obtained a bilateral x-ray that demonstrated "severe degenerative changes in the right hip," recommended acetaminophen, and

---

[2] The ALJ also cited to Plaintiff's February 2017 examination, but that visit does not support a finding of non-severity. See AR 469 (noting "Severe [osteoarthritis] of right hip with worsening symptoms . . . Urgent Orthopedics Referral for surgery").

referred Plaintiff for rehabilitation and physical therapy. AR 448-49. By November, Plaintiff reported "ongoing severe right hip pain." AR 458.

This ambiguity in the ALJ's written decision is sufficient to order remand. See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010) (remanding where record was uncertain). Even assuming without deciding that the ALJ considered Plaintiff's November 9, 2016 x-ray as the triggering date, however, the Court would find that the ALJ's step-two determination is not supported by substantial evidence. The ALJ focused on the fact that Plaintiff had been referred for hip replacement surgery that would "potentially alleviate some or all of the alleged symptoms." AR 23. But Plaintiff had no set surgery date due to problems with insurance and her primary care doctor being on maternity leave. See AR 57-59 (explaining that insurance was making it "tricky" to schedule surgery). Nor did the ALJ cite to any evidence indicating surgery would alleviate Plaintiff's issues.

In DeClements v. Berryhill, the Ninth Circuit affirmed the ALJ's conclusion that claimant's hernia impairment was not severe because it began in October 2001 and lasted until the summer of 2002, thus failing the durational requirement. See 702 F. App'x 520, 520-21 (9th Cir. 2017). The Ninth Circuit held that the ALJ appropriately based his conclusion on testimony by a medical expert, who opined that claimant was unlikely to experience limitations from the hernia more than two months following his June 2002 surgery, testimony that was consistent with claimant's medical records and the opinion of his treating physician. See id. at 521.

Conversely here, Plaintiff did not undergo surgery (let alone have one scheduled) and there is no evidence in the record to suggest that surgery would have resulted in full functioning capacity or that its effect would be immediate.

In fact, Plaintiff testified that no doctor made her "any promises" because she was in a "collapsed state" and her pain might have been caused by hip dysplasia. AR 57.

Consequently, the ALJ's decision was not supported by substantial evidence.

## III.    CONCLUSION

The decision of the Social Security Commissioner is reversed and this case is remanded.

IT IS SO ORDERED.

Date: August 27, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge